■ EARL L. WITBECK et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 37964 and 44003.) — Judgments affirmed, with costs. No opinion. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

■ In the Matter of VILLAGE OF WHITEHALL, Petitioner, v. HOLLIS S. INGRAHAM, as Commissioner of the Department of Health, et al., Respondents. — Per Curiam. Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Health ordering the petitioner (Village) to cease pollution of classified waters in accordance with a specified timetable. There is no issue as to the basic question of pollution, it being conceded by the Village, but the order of the Commissioner is challenged in two subordinate respects: (1) That the order should be contingent upon receipt by the petitioner of 60% of the cost to eliminate pollution of State waters either from the Federal or State Governments, or both, and (2) That the timetable established by the Commissioner of the various stages leading to completion of the program eliminating pollution is arbitrary and capricious. The elimination of pollution from the waters of the State has become a matter of prime concern and the Pure Waters Program, enacted in 1965 by the Legislature, commanded the Commissioner with a six-year program to eliminate or at least be in the process of eliminating such pollution, and to carry out this mandate he has been given broad and responsible powers. (See, generally, Public Health Law, art. 12, tit. IX.) Under the present circumstances, we limit our decision to the issues raised by the petitioner. In furtherance of the plan (Public Health Law, § 1263-b, subd. 1, par. c), Federal and State funds are available to municipalities to aid in the over-all program of eliminating pollution, but to be eligible for such financial support the municipality shall have begun the construction of the said project. A municipality is an arm of the State, subject to its mandates. There is no showing on this record that the petitioner has done anything to make itself eligible for the funds in question, albeit we note that it was conditionally granted funds for payment of preliminary plans. There is no obligation on the part of the State to make any such orders contingent, as alleged by the petitioner, and there is no merit to this contention. Second, as to the question of timetable, a hearing was held, pursuant to the provisions of the Public Health Law, on the over-all issue of the elimination of pollution by the Village of Whitehall and numerous matters were considered at that time. There appears to be nothing in this record to show that the issue of timetable could not have been considered and possibly indirectly was so considered. The timetable here questioned seems to be within the authority of the Commissioner. We would further note that the Commissioner has, in his discretion, the right to make, modify or cancel orders. (See Public Health Law, § 1210, subd. 3, par. [b].) There is no showing on this record that the action of the Commissioner, thus far at least, has not been fair and equitable so far as the Village is concerned, considering the over-all mandate imposed upon him by the Legislature. Order confirmed and petition dismissed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum Per Curiam.